UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEXANDER & SARAH WERNET,

       Plaintiffs,

v.

       File No. 1:12-CV-986

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., &
JP MORGAN CHASE BANK, N.A.,

       HON. ROBERT HOLMES BELL

       Defendants.
_____/

**O P I N I O N**

On August 15, 2012, Plaintiffs Alexander and Sarah Wernet sued Defendants Mortgage Electronic Registration Systems, Inc. ("MERS") and JP Morgan Chase, N.A. ("Chase") in Ionia County Circuit Court alleging improprieties in the foreclosure of their property. (Dkt. No. 1, Ex. 1.) The case was removed to federal court on September 14, 2012. (Dkt. No. 1.) Presently before the Court is: (1) Defendants' motion for partial summary judgment on Count I (Dkt. No. 17, Mot. Dismiss.); (2) Defendants' motion to dismiss Counts II and III for failure to state a claim upon which relief can be granted (*id*.); (3) Plaintiffs' motion to amend their complaint (Dkt. No. 26, Mot. Am.); and (4) Plaintiffs' motion for leave to file a sur-reply (Dkt. No. 47, Mot. Reply). For the reasons that follow, Defendants' motions will be granted, and Plaintiffs' motions will be denied.

**I.**

On January 28, 2009, Plaintiffs obtained a loan for $190,848.00 from Arbor Mortgage

Company ("Arbor"). Plaintiffs granted a mortgage to Arbor on the real property located at 7038 Jackson Rd., Saranac, MI 48881 (formerly 7126 Jackson Rd. Saranac, MI 48881) as security for the loan. (Dkt. No. 1, Ex. 1, Compl.¶ 13.) On February 15, 2012, MERS, as nominee for Arbor, assigned Plaintiffs' mortgage to Chase. (Dkt. No. 1, Ex. 1, Mot. TRO, Ex. 2.) Plaintiffs subsequently defaulted on their payments, and Chase initiated foreclosure proceedings. (Compl. ¶¶ 17, 24, 28.) On August 1, 2012, Plaintiffs attained a temporary restraining order enjoining the foreclosure sale and the motion was granted. (Mot. TRO.)

## II.

The Federal Rules of Civil Procedure require the Court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In evaluating a motion for summary judgment the Court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

In considering a motion for summary judgment, "the district court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." *Martin v. Cincinnati Gas and Elec. Co.*, 561 F.3d 439, 443 (6th Cir. 2009) (citing *Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007)). Nevertheless, the mere existence of a scintilla of evidence in support of a non-movant's position is not sufficient to create a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The proper inquiry is whether the

evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.*; *see generally Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476-80 (6th Cir. 1989).

### III.

Count I of Plaintiffs' complaint alleges that Defendants Chase and MERS failed to send Plaintiffs proper notice of foreclosure in violation of M.C.L. § 600.3205a (Compl. ¶ 51.) Defendants have provided evidence that proper service was given and move for partial summary judgment on Count I. (Dkt. No. 18, Mem. in Supp. of Mot. Dismiss.)

M.C.L. § 600.3205a(3) states that "[a] person shall serve notice under subsection (1) by mailing the notice by regular first-class mail and by certified mail, return receipt requested, with delivery restricted to borrower, both sent to the borrower's last known address." The heading of the 3205a notice shows that it was sent to 7126 Jackson Rd. Saranac, MI 48881, first class and certified, restricted delivery, with return receipt requested. (Mem. in Supp. of Mot. Dismiss, Ex. 3A.) The Defendants' U.S. Postal service delivery confirmation shows that the 3205a notice was sent to Saranac, Michigan on April 17, 2012. (Mot. Reply, Ex. 1.) A delivery notice was then left in Saranac and, when the 3205a notice went unclaimed, it was returned to Defendants' agents, Trott & Trott, P.C., in Farmington, Michigan. (*Id*.) This evidence and Defendants' supporting affidavit show that all elements of the statute have been satisfied.

To rebut Defendants' evidentiary showing, Plaintiffs provide affidavits asserting that 3205a notice was never received. (Dkt. Nos. 34, 36, Pls. Affs.) The language of the statute

is unambiguous; actual receipt of 3205a notice is not required. A plaintiff seeking to thwart foreclosure could merely ignore delivery notice if this Court were to require actual notice. However, Plaintiffs clarify that actual notice is not the basis of their argument. (Dkt. No. 33, Resp., n.8.) Instead, they argue that the 3205a notice was never sent. (*Id*.) Still, the only evidence supporting this assertion is Plaintiffs' affidavits swearing 3205a notice was never received. (Pls. Affs.) As the court in *Moss v. Wells Fargo Bank, N.A.*, No. 11-13429, 2012 WL 1050069 (E.D. Mich. Mar. 28, 2012), stated, "[Plaintiffs] offered nothing to counter [evidence of proper notice] in their response", but, instead, "they merely repeat[ed] their assertion that the defendants did not send or the plaintiffs did not receive the notice," which was a "bare assertion [that] cannot be sufficient to create a genuine issue of material fact on [the issue of proper notice]." *Id*. at \*9 (citing *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009)). Similarly, here, Plaintiffs rely on bare assertions, repeating that 3205a notice was never sent or received. Without any further evidence, this tactic is insufficient to create a genuine issue of material fact.

Plaintiffs next assert that Defendants' 3205a notice was deficient because it was not sent to their last known address and that their address change was communicated orally in February, prior to the 3205a notice. (Resp., n.8.) Plaintiffs' focus on the address change is entirely immaterial. Ionia County changed Plaintiffs' address from 7126 Jackson Rd. to 7038 Jackson Rd. (*Id*.) All mail sent to 7126 Jackson Rd. was forwarded to 7038 Jackson Rd. pursuant to a form filed with the U.S. Postal Service. (*Id*.) This forwarding service was

provided from January 2012 to December 2012. (*Id*.) Plaintiffs' received any and all mail sent to their prior address during this time period. (*Id*.) The argument that notification sent to 7126 Jackson Rd. on April 17, 2012, was not sent to Plaintiffs' "last known address" does not persuade this Court. Plaintiffs have not presented any evidence to create a genuine issue of material fact. Consequently, Defendants' motion for partial summary judgment will be granted and Count I will be dismissed.

## IV.

In addition to their motion for partial summary judgment, Defendants move to dismiss Counts II and III pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (Mot. Dismiss.)

Federal Rule of Civil Procedure 12(b)(6) provides that a party may assert "failure to state a claim upon which relief can be granted" as an affirmative defense. "[T]o survive a motion to dismiss [under 12(b)(6)], the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 903 (6th Cir. 2009) (internal quotation marks omitted). In reviewing such a motion, the Court must "accept all of plaintiff's factual allegations as true and determine whether any set of facts consistent with the allegations would entitle the plaintiff to relief." *G.M. Eng'rs & Assoc., Inc. v. W. Bloomfield Twp.*, 922 F.2d 328, 330 (6th Cir. 1990). As a general rule, however, the Court "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory

allegations or legal conclusions masquerading as factual allegations will not suffice." *In re Travel Agent*, 583 F.3d at 903.

According to the Supreme Court, "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 545 (2007) (internal quotations omitted). While detailed factual allegations are not required, the pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

## V.

In Count II, Plaintiffs argue that Chase failed to comply with 24 C.F.R. §§ 203.553, 203.35, and 203.606(a), regulations administered by the U.S. Department of Housing and Urban Development ("HUD") (Compl. ¶¶ 59-63.) These regulations pertain to mortgage fees, late payment charges, and borrower default, respectively. Accepting the truth of Plaintiffs' factual allegations, there is no private cause action under these HUD regulations. As the Sixth Circuit has explained, "no express or implied right of action in favor of the mortgagor exists for violation of HUD mortgage servicing policies." *Fed. Nat'l Mortg. Ass'n v. LeCrone*, 868 F.2d 190, 193 (6th Cir. 1989). State courts have similarly recognized that no

private right of action exists for the violation of HUD regulations:

> "The federal courts have determined that the HUD lenders handbook, the foundation of the defense, is merely a statement of HUD policy, which does not have the force of law and which does not establish procedural prerequisites to foreclosure. The handbook and regulations "deal only with the relations between the mortgagee and the government, and give the mortgagor no claim to duty owed nor remedy for failure to follow."

*Mfrs. Hanover Mortg. Corp. v. Snell*, 370 N.W.2d 401, 404 (Mich. Ct. App. 1985) (citations omitted); *see also In re Estate of Olson*, No. 283818, 2009 WL 3103841, at *4 (Mich. Ct. App. Sept. 29, 2009) (affirming trial court's citation of *Snell* "for the proposition that a violation of HUD guidelines does not give a mortgagor an independent cause of action to void the mortgage").

In response, Plaintiffs insist that they are not baldly asking for a private right of action pursuant to a HUD regulation. Instead, Plaintiffs emphasize that the HUD terms were incorporated into the mortgage contract and that their claim is for breach of contract pursuant to state law. (Resp. 20.) Unfortunately, Plaintiffs have not cited a single case from a Michigan court that adopts the breach of contract approach. This Court is inclined to agree with the court in *Dixon v. Wells Fargo Bank, N.A.*, No. 12-10174, 2012 WL 4450502 (E.D. Mich Sept. 25, 2012), and will consider Plaintiffs' breach of contract claim in accordance with the preexisting duty rule. *Id*. at *7. "Michigan courts have held that, under the preexisting duty rule, a breach of contract claim cannot be premised on an obligation that the defendant already had a duty under the law to perform." *Id*. at *8 (citing *Lufthansa Cargo A.G. v. Cnty. of Wayne*, No. 01-74579, 2002 WL 31008373, at *4 (E.D. Mich. Aug. 16,

2012)). Here, Chase had a duty to comply with HUD regulations regardless of the private contractual terms. As a result, a breach of contract claim cannot be premised on the recitation of HUD regulations in the parties' mortgage contract. Plaintiffs have not shown a private right of action pursuant to HUD regulations. Accordingly, Defendants' motion will be granted and Count II will be dismissed for failure to state a claim upon which relief can be granted.

In Count III, Plaintiffs argue that Chase's alleged oral promises should be enforced under promissory estoppel to prevent injustice. (Compl. ¶ 72.) The Michigan Statute of Frauds expressly states that "[a]n action shall not be brought against a financial institution to enforce [a promise or commitment to waive a provision of a loan or make any other financial accommodation] unless the promise or commitment is in writing and signed." Mich. Comp. Laws § 566.132(2). The language of this statute is unambiguous and should be read as an "unqualified and broad ban" of any claim – "no matter its label" – against a financial institution to enforce the terms of an oral promise waiving a loan provision. *Crown Tech. Park v. D&N Bank, FSB*, 619 N.W.2d 66, 72 (Mich. Ct. App. 2000). The oral promises alleged in this case are a prime example of the kind of agreements that are not enforceable pursuant to the Michigan Statute of Frauds. Like the court in *Crown*, this Court will not use promissory estoppel as a tool to circumvent the statute's clear language. *Id*. Defendants' motion will be granted and Count III will be dismissed for failure to state a claim upon which relief can be granted.

## VI.

Plaintiffs have also filed a motion to amend their complaint (Mot. Am.) The Federal Rules of Civil Procedure allow amendment to a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). The rule does not, however, require courts to allow amendment in every case; rather, courts may properly deny leave due to futility of the amendment. *See Leary v. Daeschner*, 349 F.3d 888, 904-906 (6th Cir. 2003). Amendment is futile if "the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2010).

Plaintiffs' proposed amendments refine factual allegations and further specify the type of relief requested. (Mot. Am.) The proposed amendment would (1) remove any mention of Arbor Mortgage Company as a defendant in the case (Mot. Am. ¶ 6); (2) amend the dates of the payments made and missed from September 2010 through June 2011 (*Id*. ¶ 7); (3) correct the assertion that the $15,000 check mentioned in the complaint was tendered (*Id*. ¶ 8); and (4) seek permanent injunction of foreclosure sale as requested relief (*Id*. ¶ 9). Though the proposed amendments improve the accuracy of the complaint, none of the proposed amendments cure the complaint's deficiencies. Plaintiffs motion to amend (Mot. Am.) will be denied as futile.

## VII.

Plaintiffs' final motion requests this Court to allow the filing of a sur-reply in order to respond to new case law presented in the Defendants' reply (Mot. Reply.) Leave to file a

sur-reply is left entirely to the discretion of this Court. W.D. Mich. Civ. R. 7.3(c). After reviewing the proposed sur-reply, this Court finds Plaintiffs' arguments frivolous and will deny their motion. Plaintiffs contend that Defendants have raised "new issues" for the first time in their reply brief. (Mot. Reply, Ex. 1.) It is true that new issues and their supporting materials are not properly before the Court when raised for the first time in a reply. *See United States v. Perkins*, 994 F.2d 1184, 1191 (6th Cir. 2012) (citing *Pachla v. Saunders Systems, Inc.*, 899 F.2d 496, 502 (6th Cir. 1990)). However, no new issue is presented in the Defendants' reply. The material provided simply clarifies and further explains Defendants' position on the three preexisting counts.

## VIII.

For the reasons stated above: (1) Defendants' motion for partial summary judgment as to Count I (Dkt. No. 17) will be granted; (2) Defendants' motion to dismiss Counts II and III for failure to state a claim (Dkt. No. 17) will be granted; and (3) Plaintiffs' motions to amend and file a sur-reply will be denied.

An order and judgment consistent with this opinion will be entered.


Dated: July 17, 2013                    /s/ Robert Holmes Bell
                                        ROBERT HOLMES BELL
                                        UNITED STATES DISTRICT JUDGE